UNITED STATES (WATT v.). See Case No. 17,292.

## Case No. 16,653.

### UNITED STATES v. WATTS.

[1 Bond, 580; [2] 1 Int. Rev. Rec. 17.]

Circuit Court, S. D. Ohio. Feb. Term, 1865.

LEGACY TAX — CONVERTED REAL ESTATE — CONSTRUCTION OF STATUTES.

1. An executor was directed to sell certain designated parcels of real estate belonging to the testatrix "and convert the same into cash," and "out of the proceeds thereof to pay any debts I may have, and the above-named legacies," and in pursuance of such provision of the will, the executor sold the property referred

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

to. *Held,* that such legacies are not subject to the tax or duty imposed by section 111 of the internal revenue act of July 1, 1862 [12 Stat. 485], upon legacies arising from personal property.

2. In limiting the scope of the law to legacies arising from personal property, the inference is irresistible that it was intended to exempt such as were payable from the proceeds of real estate.

3. The courts of the United States are not at liberty by construction or legal fiction to include subjects of taxation not within the terms of the law.

[Cited in State v. Pullman's Palace Car Co., 64 Wis. 101, 23 N. W. 873.]

At law.

Flamen Ball, U. S. Dist. Atty.
H. C. Whitman, for defendant.

LEAVITT, District Judge. This is an action of debt, prosecuted by the United States to recover the amount of a tax or duty claimed as due from the defendant [David Watts], as executor of Susan Hoard, deceased, on certain legacies in her will. The claim is based on section 111 of the internal revenue act of July 1, 1862 (12 Stat. 489). The amount of the duty charged against the executor on said legacies, and demanded in this action, is $323.75. The executor, not being satisfied that the legacies were legally chargeable with the tax or duty claimed, has refused to pay it until the right of the government is settled by the judgment of this court. He has therefore appeared by counsel to the present action, and filed his plea to the effect that he does not owe the sum claimed; and this presents the issue now to be decided by the court.

The facts which it is material to notice are that Mrs. Hoard, by her last will and testament, executed on December 21, 1863, and which has been duly admitted to probate, made certain specific pecuniary legacies to certain churches, family relations, and other persons. She died possessed of a number of houses and lots in the city of Cincinnati, and by section 9 of her will she directed the executor to sell certain designated parcels of her real estate, "and convert the same into cash," and "out of the proceeds thereof to pay any debts I may have, and the above-named legacies." And in pursuance of this provision of the will, the executor has sold the property referred to.

In behalf of the United States, it is insisted by the district attorney that these legacies are chargeable with a tax or duty in accordance with the provisions and specifications of section 111 of the act before referred to. This section provides in its designation of legacies subject to the tax or duty, "that any person or persons having in charge or trust as administrator, executor, or trustee of any legacies or any distributive shares arising from personal property of any kind whatsoever, where the whole amount of such personal property as aforesaid shall exceed the sum of one thousand dollars in actual value,

shall be subject to a tax or duty on such legacies or distributive shares" at certain specified rates, varied as the legatees may stand related or be strangers to the testator.

The only question for the decision of the court is whether these legacies are subject to the tax or duty imposed by the statute as "arising from personal property." It is contended by the district attorney that by an equitable construction of the statute, they are within the scope of the words used in the law, although by the terms of the will of Mrs. Hoard, they are payable out of the proceeds of the real estate directed to be sold for that purpose. On the other hand, it is insisted by the counsel for the defendant, that the statute can not be constructively extended so as to embrace a legacy arising from real estate, and must be understood in a sense consistent with the plain and natural import of the words used. This is the first case in which this question has been presented to this court for its decision; and the court is informed that it has not been before any other court in this country for consideration. The statute is comparatively recent in its origin, and in giving it a construction it is not to be expected that the court will be aided or enlightened by any authorities or precedents derived from the action of our own court.

The first remark which is to be made is, that there is no ambiguity or obscurity in the terms used in the clause of the statute referred to. It declares, in plain language, that the tax or duty is chargeable only on legacies arising from personal property. The distinction between such legacies, and those arising from the proceeds of real estate, is so obvious that it can not be presumed the framers of the law intended wholly to ignore it. If it had been their intention that all legacies, whether derivable from real or personal property, should be subject to the tax or duty, that intention would doubtless have been made known by the use of clear and appropriate terms. But in limiting the scope of the law to legacies arising from personal property, the inference is irresistible that it was intended to exempt such as were payable from the proceeds of real estate. Such would seem to be the fair construction of the language used by the legislature in the clause under consideration.

It is clear to the court that this is not a case in which the court can constructively hold that the legacies in question are to be regarded as arising from personal property, though in fact derived from realty. It is true that courts of equity, in some cases, for the purpose of carrying out the intention of a testator and subserving the ends of justice, resort to a fiction by which realty is treated as personalty. But this principal has no application to the construction of a statutory enactment, which is clear and explicit in its language. The statute in question abounds in penalties for its violation. The defendant in

this action is subject to a penalty for refusing payment of the duty or tax claimed on these legacies, if such duty or tax is legally chargeable. In accordance with the well-settled rules of construction, statutes of this character can not be so construed as to extend their meaning beyond the clear import of the words used. It is the duty of the courts of the Union undoubtedly, so far as they are invested with any agency in carrying out the financial purposes of the government, fairly to enforce the revenue laws of the country, and see that they are not fraudulently evaded. But they are not at liberty, by construction or legal 'fiction, to enlarge their scope to include subjects of taxation not within the terms of the law. It belongs exclusively to the legislative department of the' government to define and declare upon what subjects taxes shall be imposed, and to provide the agencies by which they shall be assessed and collected. And however expedient it may seem, under certain circumstances, to invade the proper domain of legislation by judicial construction, it is clearly in conflict with the theory of the government.

The district attorney, in his brief, has referred the court to a case in the English court of exchequer, which he thinks sustains the construction of the clause of the statute under consideration, as insisted on by him. The case cited for this purpose is reported in 1 Price, 426. It was an information under a clause of the act of 48 Geo. III. c. 149. That clause, as appears from the report, imposed a duty or tax on all moneys arising from the sale, mortgage, or other disposition of any real or heritable estate, directed to be sold, mortgaged, or otherwise disposed of, by any will or testamentary instrument, etc. A preceding clause of the same schedule in the statute referred to, imposed a tax or duty on all legacies payable out of or arising from the "personal or movable estate" of the testator. The counsel for the government has referred to the case in Price's Reports as having arisen under this latter provision of the English statute. But this is clearly a misconception of that case, and it has therefore no bearing upon or application to the case before the court. The clause last cited is substantially the same as section 111 of our statute, laying a tax or duty on legacies arising from personal estate. And if the English court of exchequer had decided that legacies payable out of real estate were by construction to be regarded as legacies from personal property, the decision would be in point. Though I am by no means prepared to say that if such had been the ruling of the English court, that I should feel justified in receiving it as an authority in giving a construction to our statute. But the report referred to shows clearly that the decision was based on another clause of the English statute. The facts were, substantially, that a testator, being the owner of certain freehold estate, directed it to be sold by his executors, and that from the pro-

ceeds, after payment of his debts, a legacy of £5,000 should be paid. The personal estate of the testator was more than sufficient to pay his debts and discharge the legacy, without selling the real estate as provided for in the will. The legatee, by some arrangement between the parties, took the real estate from which the legacy was to be paid. And the court held that the legatee could not evade the payment of the tax or duty, but was liable therefor, though the legacy was not in fact paid in money. But, as before remarked, this decision was made under the clause of the English statute imposing a tax or duty on legacies derived from real estate. And under that clause, the court was probably right in holding, that as the property was directed to be sold unconditionally for the satisfaction of the legacy, and the legatee was the recipient of the benefit of the legacy, they would consider that done which the will had directed to be done.

But a more recent case in the English courts is referred to by the counsel for the defendant in the case before the court, which applies to this question, and is a direct authority against the right of the government to claim a tax or duty on the legacies referred to, in the will of Mrs. Hoard. This case is noted in the recent work of Edwards on the Stamp Act of the United States (page 198), and the reference by the author is to the report in 9 Jur. 486, and 4 Hare, 315. These reports are not accessible to me, and I have not therefore read them. As stated by Edwards, the question was, whether real estate purchased with partnership assets, and used for partnership purposes, was liable to probate duty under the English statute on the death of a partner. The particular clause of the statute under which the tax or duty was claimed, is not stated in the abstract of the case as given by Edwards. Without taking the trouble to set forth the facts of the case, it will be sufficient to refer to the opinion of the court, as copied by Edwards (page 202). The court says: "In the simple case I have put, of land directed to be converted into money, I think the answer to the claim of the crown would be that the property in question was in fact real estate at the death of the testator, and as such not liable to probate duty, and that equity would not alter the actual nature of the property for the purpose only of subjecting it to fiscal claims to which at law it was not liable in its existing state, and certainly not intended to be made liable by the stamp act." And the court hold further, that the fact that the property in question was the property of a partnership made no difference in respect to its liability to probate duty.

This case clearly establishes the doctrine that by no construction of law can property be regarded within the scope and operation of our revenue law, as different from its real character. As a necessary result, in the absence of any statutory provision imposing a tax or duty on legacies arising out of real es-

tate, there is no authority for the doctrine that such a legacy shall be treated as arising from personalty.

But, without stating other views pertinent to the question before the court, leading to the conclusion which has been indicated, I am fully satisfied that by no construction of the statute can the defendant, as executor of Mrs. Hoard, be adjudged liable to pay a tax or duty on the legacies in question. The statute in its terms is too clear to admit of doubt as to its construction. If congress think it expedient to legislate further on this subject, and declare that legacies arising from real estate shall be subject to a tax or duty, they will doubtless do so, in plain and intelligible terms. As the statute now stands, such an intention is clearly negatived. Judgment will therefore be entered for the defendant.