In the Matter of the Application of AUGUST LUCHOW, INC., Petitioner, for an Order of Certiorari against FRANK J. TAYLOR, as Comptroller of the City of New York, Respondent.

First Department, May 7, 1937.

*Arnold J. Bernstein* of counsel [*Arthur H. Schwartz* with him on the brief; *Schwartz & Frohlich*, attorneys], for the petitioner.

*Edmund B. Hennefeld* of counsel [*Oscar S. Cox* and *Sol Charles Levine* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

GLENNON, J. The petitioner conducts a well-known restaurant and cafe on Fourteenth street in New York city. In connection with its business it serves food and alcoholic beverages to a great many patrons. In the event that the total charge to a patron for food, wines, liquors and alcoholic beverages is one dollar or more, it collects a tax of two per cent on everything excepting beer, pursuant to the provisions of Local Law No. 20 (published as No. 21) of the New York City Local Laws of 1934, as amended by Local Law No. 24 (published as No. 25) of 1934. In other words, it takes the position that it is not entitled to levy a tax on beer or other malt beverages because of the exception contained in subdivision (d) of section 2 of the Local Law, which imposes a tax of two percentum on " (d) Wines and liquors and other alcoholic beverages, and drinks compounded thereof or therewith, except beer or other similar malt beverages, including sales thereof in restaurants, cafes bars and other places for consumption on the premises."

The comptroller insists that beer when sold in connection with food and entertainment is taxable by reason of the provisions of subdivision (c) of section 2 of the Local Law, when the total charge, including beer, to a patron is more than one dollar. Subdivision (c) reads as follows: " Food, drink and entertainment in restaurants, cafes and other establishments including in the amount of such receipts any cover or minimum or other charge made to patrons where the charge to the patron is one dollar or more, in which event the tax is imposed on the full amount of the charge to each such patron."

The subdivisions quoted would seem to be somewhat inconsistent. The comptroller takes the position that the word " drink " as used in subdivision (c) includes beer or other similar malt beverage when consumed in connection with food. However, the exception contained in favor of beer in subdivision (d) must control. If this were not so, it is difficult to understand the reason why in subdivision (d) (*supra*) the municipal assembly, after specifically exempting beer and other similar malt beverages, saw fit to add the words, " including sales thereof in restaurants, cafes, bars and other places for consumption on the premises." It is quite obvious that it was the purpose of the local law-making body to exempt beer and other similar malt beverages from the burden of the local sales tax.

Where a doubt exists as to the meaning of words used in a taxing statute, it should be construed in favor of the taxpayer. This point was made clear by Judge PECKHAM, in *Matter of Fayerweather* (143 N. Y. 114), where he said: " If there were a doubt upon the question it should be resolved in favor of the taxpayer as represented by the executors and against the taxing power. ( *United States* v.

*Wigglesworth*, 2 Story, 369; *United States* v. *Watts*, 1 Bond, 580; *Partington* v. *Atty.-Genl.*, L. R. [4 H. L.] 100, 122.) " (See, also, *Gould* v. *Gould*, 245 U. S. 151.)

We have reached the conclusion, therefore, that the order of certiorari should be sustained, and the determination annulled, with fifty dollars costs and disbursements to the petitioner.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Order of certiorari unanimously sustained, and determination of the respondent annulled, with fifty dollars costs and disbursements to the petitioner.