NELLIE QUINLAN, an Infant, by Guardian, etc., Respondent, *v.* JAMES H. WELCH, Appellant.

The Civil Damage Act of 1873 (Chap. 646, Laws of 1873) is not a penal statute, but simply creates a cause of action unknown to the common law. Said act was not repealed by the provision of the act of 1892, "in relation to excise" (§ 2, chap. 403, Laws of 1892), providing for the recovery of damages caused by the sale of intoxicating liquors in case previous notice has been given forbidding the sale. The said provision and the one upon the same subject in the act of 1892, "to revise and consolidate the laws in relation to the sale of intoxicating liquors" (§ 40, chap. 401, Laws of 1892), are to be read as simply amendatory of the act of 1873, not as repealing it by implication.

A cause of action, therefore, which accrued prior to said amendments was not affected thereby.

In an action under said act of 1873 these facts appeared: Q., the father of plaintiff, who was a skilled workman and the sole support of his wife and family, and who lived in the village of P., on the afternoon of June 17, 1891, being in the village of O., visited its saloons, and among them one owned by defendant and rented by him to one whom he knew was selling intoxicating liquors therein on that day. Q. drank heavily, and in the evening boarded a train to return home; he was at that time much intoxicated; he left the train at a station before it reached P., and in attempting to walk on the railroad track to the latter place was killed; his mutilated body was found the next morning on the track, midway between that station and his home. *Held,* that the evidence was sufficient to submit to the jury as to all the essential facts required to be established to sustain the action; and so that a refusal to nonsuit was not error.

The testimony showed that plaintiff was born on June eighteenth, at what hour it did not appear, nor did it appear whether Q. was killed on the morning of that day or on the previous evening. Defendant on appeal for the first time claimed that plaintiff was born after her father's death, and so, could not maintain the action. *Held,* untenable; that, conceding the point was presented by the proofs, as to which *quære*, it should have

been raised on trial, and the attention of the trial court not having been called to it, it could not be considered on appeal.  •

Reported below, 69 Hun, 584.

(Argued January 18, 1894; decided January 30, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 23, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Arthur Corbin* for appellant. Plaintiff cannot recover because no such notice as required by chapter 403, Laws of 1892, was ever served or given in any manner. Chapter 646, Laws of 1873, is repealed by chapter 403, Laws of 1892, and at the time of the trial the latter act was the only law in force giving or creating a cause of action in such a case as this, and the law in force at the time of the trial governed the rights of the parties, even though plaintiff's alleged cause of action arose before the enactment thereof. (*Town of Duanesburgh* v. *Jenkins*, 57 Hun, 178; *In re Inst. for Deaf & Dumb*, 121 N. Y. 218; *People* v. *G. & S. T. Co.*, 98 id. 67; 32 Hun, 491; *People* v. *Jaehne*, 103 id. 182; *Anderson* v. *Anderson*, 112 id. 104; *Munger* v. *People*, 55 id. 112; *People ex rel.* v. *City of Brooklyn*, 69 id. 605; *Dash* v. *Van Kleeck*, 7 Johns. 477–479; *C. M. Co.* v. *Vanderpoel*, 6 Cow. 566; 16 Barb. 15; *In re Southworth*, 5 Hun, 55; *Lyddy* v. *Long Island City*, 104 N. Y. 218; *Heckman* v. *Pinkney*, 81 id. 211–215; *E. P. Co.* v. *Lacy*, 63 id. 422; *Livingston* v. *Harris*, 11 Wend. 329; *People ex rel.* v. *Bell*, 47 N. Y. 57–68.) But, irrespective of any question of repeal by implication, plaintiff could not maintain this action, because at the time of the trial the statute of the state provided that the action could not be maintained unless notice has been given to the licensee or his agents, or to the person

or persons selling or giving away, etc. As plaintiff has no cause of action against defendant at common law, her cause of action, if any exists, must be brought within the provision of the statute, which cannot be extended by implication to create a cause of action not by its express terms created, nor in favor of any person to whom such cause of action is not by the express terms given. (*V. C. C. Co.* v. *Murtaugh*, 50 N. Y. 314; 4 Lans. 17; *Bonnell* v. *Griswold*, 80 N. Y. 128; 18 Hun, 496; *Cayuga Nation of Indians* v. *State*, 99 N. Y. 235.) The statute does not allow a recovery for damages to means of support as provided by the old law, but only for an injury to persons or property in consequence of the intoxication, and, therefore, does not allow a recovery of damages for the death of any person in consequence of intoxication, because such an action cannot be maintained at common law and the statute does not by its terms provide it. Nor does it provide for an action by a posthumous child in any case. (*People ex rel.* v. *Albertson*, 55 N. Y. 50.)

*F. W. & E. F. Kruse* for respondent. The excise statutes of 1892 (Chaps. 401 and 403) did not repeal the Civil Damage Act of 1873 (Chap. 646), nor do they have retroactive effects so as to abrogate existing rights which had accrued under the Civil Damage Act of 1873, when the excise acts of 1892 became laws. (*Reinhardt* v. *Fritzsche*, 69 Hun, 565; *Bullock* v. *Town of Durham*, 64 id. 380; *Sanford* v. *Bennett*, 24 N. Y. 20; *Dash* v. *Van Kleeck*, 7 Johns. 477; *People* v. *Supervisors*, 43 N. Y. 130, 134, 136; *People* v. *McCall*, 94 id. 590; *In re Miller*, 110 id. 216; *In re Prime*, 136 id. 347; *Davies* v. *Fairbairn*, 3 U. S. 636, 645; *Bertholf* v. *O'Reilly*, 74 N. Y. 509, 513; *Volans* v. *Owens*, 74 id. 526; *Dudley* v. *Parker*, 132 id. 186; *Hall* v. *Germain*, 14 N. Y. Supp. 5; *Comstock* v. *Hopkins*, 15 id. 908.) Whether the act of 1892 repealed by implication or only amended the act of 1873 it did not have the effect to destroy the plaintiff's vested right which had accrued under the act of 1873 prior to the act of 1892. (*Sanford* v. *Bennett*, 24 N.

Y. 20; *Vanderkar* v. *S. R. R. Co.*, 13 Barb. 393; *Eastman* v. *Clackamas Co.*, 32 Fed. Rep. 24; Potter's Dwarris on Statutes, 162; Endlich on Interp. of Stat. 480, 481; *In re Miller*, 110 N. Y. 223.) The legislature did not intend to abrogate and destroy the rights of persons who, acting under the Civil Damage Law of 1873, were seeking to enforce the same at the time when the subsequent acts were passed. (*Smith* v. *People*, 47 N. Y. 330; *People ex rel.* v. *Davenport*, 91 id. 574; *Dash* v. *Van Kleeck*, 7 Johns. 502; *Volans* v. *Owens*, 74 N. Y. 530.) The point made on behalf of the appellant that the plaintiff cannot maintain this action for the reason that she was born the day after her father died is untenable. The question was not presented in the trial court and for the first time at General Term, and not having been presented on the trial cannot be raised on appeal. (*Binnse* v. *Wood*, 37 N. Y. 526, 532; *Thayer* v. *Marsh*, 75 id. 340; *Sterrett* v. *T. N. Bank*, 122 id. 659.) But, assuming that the child was not born until the day after the death of her father, she was injured in her means of support in consequence of the death of her father, and for this she has a cause of action against the defendant under the Civil Damage Act. (*The George & Richard*, L. R. [3 Adm.] 465.) The facts establish a cause of action against the defendant. (*McCarthy* v. *Wells*, 51 Hun, 171; *Meade* v. *Stratton*, 87 N. Y. 493.)

Bartlett, J. The plaintiff, the infant child of Dennis Quinlan, deceased, brings this action under chapter 646 of the Laws of 1873, known as the "Civil Damage Act," to recover damages for her father's death, caused, as alleged, by the sale of intoxicating liquors to him by one O'Leary, the tenant or occupant of premises owned by the defendant, James H. Welch. At the opening of the trial it was conceded that the store and premises in Olean, at which it is alleged that the intoxicating liquor was sold June 17th, 1891, were then owned by the defendant, and that he rented them to O'Leary some time prior to that date, and knew that O'Leary was selling intoxicating liquors there on the 17th day of June, 1891.

The action was tried at the Cattaraugus Circuit in September, 1892, and resulted in a verdict for plaintiff.

Dennis Quinlan, the deceased, lived at Portville; he was an industrious man, employed by the Portville Tanning Company as a skilled workman, and the sole support of his wife and family by day's labor, he having no property; he arrived in the village of Olean on the afternoon of the 17th day of June, 1891, and with several companions visited the saloons of the town, the defendant's premises among others, and drank heavily; the evening of that day he boarded a train to return home, and was at the time much intoxicated; he left the train at Weston early in the evening, and the next morning about eight o'clock his mutilated body was found on the railroad track midway between Weston and Portville.

It does not appear when the deceased met his death; he evidently attempted, during the night, to walk on the track from Weston to Portville.

The defendant moved for a nonsuit practically on two grounds, failure of proof and the absence of the notice required by chapter 403 of the Laws of 1892.

As to alleged failure of proof, we are of opinion that there was sufficient evidence to submit to the jury as to all the essential facts necessary to sustain this action under the Civil Damage Act of 1873, and the verdict is conclusive.

The defendant's contention that chapter 403 of the Laws of 1892 is applicable to this case presents the principal point on this appeal.

The second section of that act, which was passed April 30th, 1892, reads as follows, viz. :

" § 2. A recovery may be had in a civil action of the damages suffered by reason of the intoxication of any person from any person or persons who shall, by selling or giving away intoxicating drink, have caused such intoxication, or from any persons owning or renting or permitting the occupation of any building or premises wherein such selling or giving away shall have occurred, jointly with the person or persons selling or giving away, or severally, if the person or persons suffering

such damage shall, previous to such selling or giving away, have given written notice to the licensee or his agents, or the person or persons so selling or giving away, forbidding such selling or giving away to the person whose intoxication shall have caused such damage, and not otherwise."

It is insisted that this statute repealed by implication chapter 646 of the Laws of 1873, and that even if the legal effect was amendment and not repeal, the right of action, accruing to defendant in June, 1891, under the act of 1873, and by virtue of which she had commenced this action, was taken away.

We regard both these propositions as unsound. The second section of chapter 403 of the Laws of 1892 does not cover the whole subject-matter of chapter 646, Laws of 1873, and its only effect is to amend the latter statute by requiring a certain notice in writing to be given before a cause of action can accrue.

Whether a subsequent statute repeals a prior one, in the absence of express words, depends upon the intention of the legislature. (*Anderson* v. *Anderson*, 112 N. Y. 111.)

While this intent is sufficiently manifest in the case at bar, upon the reading of the subsequent statute, our attention has been called to the fact that on the same day chapter 403 of Laws 1892 was approved by the governor April 30th, 1892, and one hour before such approval, the executive approved chapter 401 of the Laws of 1892, known "as an act to revise and consolidate the laws regulating the sale of intoxicating liquors."

Section 40 of this act clearly recognizes the action created by chapter 646 of the Laws of 1873, and provides no recovery shall be had "unless one of the persons who might have such a cause of action　＊　＊　＊　shall, prior to such sale or giving away, have given written notice to the person selling or giving away such intoxicating drink, forbidding such sale," etc.

The subsequent act (Chapter 403, Laws of 1892), which became law an hour after the above statute, is entitled "An act in relation to excise," and provides in the first section for the appointment of the clerks of excise boards, and the second section deals with the subject of notice as contained in chap-

ter 401, Laws of 1892, section 40, already quoted, and pro-
vides the notice shall be given " to the licensee or his agents,
or the person or persons so selling or giving away," etc., thus
increasing the number of persons to whom notice may be.
given. It also extends the application of the notice to actions
against persons owning or renting or permitting the occupation
of premises where the offense occurred, which was not cov-
ered by said section 40. It is quite clear that the later statute
was intended to supply omissions in the earlier one, and that
both are to be read as amendatory of chapter 646, Laws of
1873, and not as repealing it by implication.

The defendant, however, insists that treating chapter 403
of Laws of 1892 as amending chapter 646, Laws of 1873, its
effect was to deprive plaintiff of her cause of action, which
accrued in June, 1891.

The Civil Damage Act of 1873 is not a penal statute, but
creates a cause of action for damages which was unknown to
the common law.

This court held in *Volans* v. *Owen* (74 N. Y. 530) that
" the primary purpose of the legislature in giving a right of
action for an injury of this character was the protection of the
dependent and helpless."

The repeal of a penal statute discharges offenses committed
before such repeal and proceedings based thereon. (1 Hale's
Pleas of the Crown, 291; *Hartung* v. *People*, 22 N. Y.
99, 100; *Curtis* v. *Leavitt*, 15 id. 229; *Butler* v. *Palmer*,
1 Hill, 324.) This statute of 1873 being in no sense penal
it falls within the rule which has long existed and was
recognized by this court in *Matter of Miller* (110 N. Y.
216).

The question presented in that case was whether a benefic-
iary who had become liable to pay a tax under the Collateral
Inheritance Act of 1885 (Ch. 483) was released from the pay-
ment thereof by chap. 713, Laws of 1887, which was enacted
before payment of said tax and under the terms of which the
tax was not imposed.

Judge DANFORTH, at page 223, says:

"The surrogate and the Supreme Court, however, thought the case made by the petitioner should be decided as if the act of 1887 had not been passed, and we are of that opinion. The rule is considered settled in this state that neither original statutes nor amendments have any retroactive force, unless in exceptional cases as the legislature so declare." *(Dash* v. *Van Kleeck,* 7 Johns. 477; *Sanford* v. *Bennett,* 24 N. Y. 20; *People ex rel. Newcomb* v. *McCall,* 94 id. 587–590.) In the latter case Judge EARL says, at page 590: "It is a general rule often reiterated and laid down in reported decisions that laws should be so construed as to be prospective and and not retrospective in their operations unless they are specially made applicable to past transactions and to such as are still pending." We, therefore, hold that plaintiff's cause of action was not affected by either chapter 401 or 403 of the Laws of 1892.

There only remains to be considered a point raised by defendant for the first time at the general term to the effect that plaintiff having been born after her father's death could not maintain this action.

It appeared by the testimony of the widow of Dennis Quinlan that the infant plaintiff was born on the 18th of June, 1891, and the witness adds, "the day after her father was killed." This latter statement was inference or inadvertence, as there is no proof whether the father met his death on the evening of June 17th or the morning of June 18th, 1891.

This point is, therefore, not presented under the proofs, as it is possible the deceased met his death after midnight of the 17th of June, 1891, and it does not appear at what hour on the 18th of June, 1891, the plaintiff was born.

It is not necessary, however, to decide whether the point is presented under the proofs as the defendant should have raised it at the circuit on his motion for nonsuit if he desired its consideration here.

This court has repeatedly held that a motion for a nonsuit or to dismiss the complaint to be effectual must specify the defects supposed to exist. *(Binsse* v. *Wood,* 37 N. Y. 532;

*Thayer* v. *Marsh,* 75 id. 340 ; *Sterrett* v. *Third Nat. Bank of Buffalo,* 122 id. 659.)

The reason of the rule is obvious, as it affords an opportunity to supply additional proofs where it is possible.

After a careful consideration of this case we are of opinion that the judgment and order appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.