## In re MILNE'S ESTATE.

(Supreme Court, General Term, First Department.　February 16, 1894.)

LEGACY TAX—INTEREST.

Laws 1887, c. 713, provided that, if a legacy tax was not paid within 18 months after decedent's death, it should draw interest from the expiration of the 18 months. Laws 1892, c. 399, repealing the act of 1887, with a saving clause as to any act done, or right accruing, under prior acts relating to taxation of legacies, provides that interest on overdue taxes run from the time of decedent's death. *Held* that, where testator died about a year before the act of 1892 took effect, interest on the legacy tax was regulated by the act of 1887.

Appeal from surrogate's court, New York county.

Proceeding from the appraisal, under the collateral inheritance tax act, of the property of Alexander Milne, deceased.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

William K. Arnoux, for appellant.

George S. Coleman, for respondent.

PER CURIAM.　The testator died April 10, 1891, at Stamford, Conn., leaving property in the state of New York subject to the tax imposed by chapter 483, Laws 1885, as amended by chapter 713, Laws 1887, entitled "An act to tax gifts, legacies, and collateral inheritances." By this act it was provided (sections 4 and 5) that, when taxes are not paid within 18 months after the death of a decedent, interest shall be charged at the rate of 10 per cent. per annum; provided, however, that where, by reason of necessary litigation or other unavoidable cause of delay, an estate cannot be settled at the end of such 18 months, this penalty of 10 per cent. shall not be charged, and in such cases only 6 per cent. per annum shall be charged upon the said tax from the expiration of said 18 months until the cause of such delay is removed. On May 1, 1892,—1 year and 20 days after testator's death,—chapter 359 of the Laws of 1892 took effect. This act repealed the said laws of 1885 and 1887, but contained a saving clause with respect to rights accruing prior to May 1, 1892. By this act of 1892 it was provided that interest on overdue taxes, where the penalty was remitted, should be at the rate of 6 per cent. from the time of the decedent's death, instead of, as provided in the act of 1887, from the expiration of 18 months after such death. The single question presented here, therefore, is whether the interest upon the amount of tax is to run from the date of the death of the testator, as provided by the act of 1892, or from and after 18 months from such death, as provided by the act of 1887. There can be no doubt but that the tax accrued at the date of the death of the decedent, and the persons subject to the tax were entitled to any immunity or privileges in respect to the time of payment which were provided by the law as it stood when the right to the tax accrued. It has been many times held that, unless the intention is clear, a statute shall not be

given a retroactive effect. It is not claimed that there is any expression of legislative intent to give any such effect to the law of 1892, but the saving clause to which attention has been called in terms provides that it shall not affect or impair any act done, or right accruing, under the prior acts relating to the taxation of legacies and successions. Our conclusion is that the question in respect to penalties and interest was governed by the law of 1887, and not by the law of 1892. With regard to remitting the penalty, and substituting, in lieu thereof, interest, a discretion is given to the surrogate whether it shall be one or the other; and in the case at bar it may be that he remitted the penalty because he supposed he had the right to charge interest upon the tax from the date of decedent's death, which, as we have seen, we do not think he could do. The order, therefore, should be reversed, and the matter remitted to the surrogate for such disposition as he may think proper, pursuant to the act of 1887, with $10 costs and disbursements to appellant.