In the Matter of the Appraisal under the Collateral Inheritance Tax Act of the Property of DANIEL B. FAYERWEATHER, Deceased

Under the provision of the Collateral Inheritance Tax Act of 1887 (§ 5, chap. 713, Laws of 1887), providing that the penalty of ten per cent imposed by the act (§ 4) in case of non-payment of the taxes prescribed within eighteen months after the death of a decedent shall not be charged, when, for reasons specified, the decedent's estate could not be settled within the eighteen months, but only six per cent from the expiration of the eighteen months, the executors of the estate of a decedent who died prior to the passage of the Repealing Act of 1892 (Chap. 399, Laws of 1892) had the right to ask that the interest to be charged for delayed pay- ment, excused under said provisions, should be six per cent, beginning at the expiration of the eighteen months.

Such a case, therefore, comes within the provision of said Repealing Act, saving from the repealing clause any "right accruing, accrued or acquired prior to May 1, 1892, under or · by virtue of any law so repealed."

Accordingly held, where a decedent died in November, 1890, and the probate of his will was contested, but the same was admitted to probate in March, 1891, and the executors of the will failed to pay a portion of

the taxes imposed by the act of 1887 within eighteen months of the death, that the ten per cent penalty could not be imposed, and six per cent interest could only be charged from and after the expiration of the eighteen months.

(Argued June 18, 1894; decided October 9, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 8, 1894, which affirmed an order of the surrogate of New York county directing interest at the rate of six per cent per annum to be charged upon a portion of the collateral inheritance tax fixed upon the estate of Daniel B. Fayerweather, deceased.

The facts, so far as material, are stated in the opinion.

*Emmet R. Olcott* for appellant. The penalty of ten per cent for non-payment of tax within eighteen months after its accrual having been remitted, interest at the rate of six per cent per annum from the date of such accrual was properly chargeable. (Laws of 1892, chap. 399, §§ 4, 26; Laws of 1887, chap. 713, § 4; *In re Vassar*, 127 N. Y. 8; *People* v. *Roper*, 35 id. 638; *O. Bank* v. *Freeze*, 18 Maine, 109; *Butler* v. *Pennsylvania*, 15 How. [U. S.] 418; *Butler* v. *Palmer*, 1 Hill, 324; *Hartung* v. *People*, 22 N. Y. 102; *Ex parte McCardle*, 7 Wall. 506; *State* v. *Slevin*, 16 Mo. App. 541.)

*Wm. H. Arnoux* and *Wm. C. Wallace* for respondent. The courts will not give a retroactive effect to any statute unless it is clearly and unmistakably the intention of the legislature that it shall have such effect. (*Conley* v. *Palmer*, 2 N. Y. 182; *Sandford* v. *Bennett*, 24 id. 20; *Stone* v. *Flower*, 47 id. 566; *Parmenter* v. *State*, 135 id. 143; Dwarris on Stat. 680; Sedgwick on Stat. Law, 180; Smith's Com. 291; Brown's Leg. Max. 14; *Moore* v. *Durden*, 2 Exch. 21; *Dash* v. *Van Kleeck*, 7 Johns. 447; *Butler* v. *Palmer*, 1 Hill, 324; *Wood* v. *Oakley*, 11 Paige, 400; *Bull* v. *Ketcham*, 2 Den. 188; *People* v. *Supervisors*, 10 Wend. 383; *Van Rensselaer* v. *Livingston*, 12 id. 490.) All tax laws must be construed strictly and they cannot be enlarged by implication beyond the exact letter of the stat-

ute, and they will never be given a retroactive effect. (*U. S.* v. *Wiggleworth,* 2 Story, 269 ; *U. S.* v. *Watts,* 1 Bond, 580 ; *Partington* v. *Atty.-Gen.,* L. R. [4 H. L.] 100 ; *Warrington* v. *Furbor,* 9 East, 242 ; *Greene* v. *Holway,* 101 Mass. 243 ; *Riggs* v. *Palmer,* 115 N. Y. 506.) This act is not retro- active, and section 24 of the statute of 1892 clearly repeals any retroactive construction of said act. (*Sherrill* v. *Christ Church,* 121 N. Y. 701 ; *In re Miller,* 110 id. 216 ; *People* v. *O'Brien,* 111 id. 1 ; *Quinlan* v. *Welch,* 141 id. 158.)

PECKHAM, J. The executors of the will of the above dece- dent made certain payments on account of the collateral inherit- ance tax, within the period of eighteen months subsequent to his decease, and in regard to the balance due they applied some time after the eighteen months had expired and under the fifth section of the Tax Act to have the penalty of ten per cent interest thereon remitted. The comptroller of the city of New York appeals from the order made by the surrogate of New York county granting that application. The order was affirmed by the General Term of the Supreme Court of the first department.

The decedent died on the 15th day of November, 1890, leaving a large estate. A contest arose over the probate of the will. It was finally decided in favor of the proponents, and the will was admitted to probate by the surrogate of New York on the 24th of March, 1891.

The application of the executors to the surrogate for a remission of the penalty imposed by law for the non-payment of the whole of the tax within eighteen months of the date of the death of the decedent, resulted favorably to the executors, and the surrogate adjudged that by reason of litigation and other unavoidable causes the amount of the tax had not been determined, and he, therefore, granted the application and remitted the penalty, and then decreed that the interest to be charged on the balance of the tax then imposed should be at the rate of six per cent from the 15th of May, 1892 (eighteen months subsequent to the death of the decedent), and the

application of the comptroller for an order charging interest on that amount at the rate of six per cent from the death of the testator (Nov. 15, 1890), as provided by chap. 399 of the Laws of 1892, was denied. The question, therefore, is simply whether interest on the amount of the tax still due shall be charged from the date of the death of the decedent or from a date eighteen months subsequent thereto.

If the saving clause in the 24th section of the act, chap. 399, of the Laws of 1892, cover and apply to this case, then the order is right. If it do not, then the further question would arise whether in any event the act of 1892 applied to the estate of any individual dying before its passage.

Under the act of 1887 (Chap. 713), which was in force at the time of the death of the decedent, the taxes imposed by the act were by the fourth section thereof made due and payable at the death of the decedent, and if they were paid within eighteen months thereafter no interest was to be charged or collected thereon, but if not so paid, interest at the rate of ten per cent per annum was to be charged and collected from the time the tax accrued. By the fifth section of the act it was provided that the penalty of ten per cent imposed by the fourth section should not be charged where in cases by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, the estate of a decedent could not be settled at the end of the eighteen months from the death of the decedent, and in such cases only six per cent per annum should be charged from the expiration of the eighteen months until the cause of delay should be removed. At the time, therefore, when the tax upon this estate accrued or became due, viz., upon the death of the decedent, the law gave the executors of his will eighteen months in which to pay the tax without the addition of any interest whatever, and ten per cent interest from the time this tax accrued was imposed as a penalty for non-payment unless it was excused under the provisions of section 5 above quoted, and in that case interest only at the rate of six per cent from the expiration of the eighteen months, until the cause of delay was removed, was

imposed.    When the decedent died his estate at once became
liable for the payment of this tax of five per cent, and pro-
vision was made for the payment of a penalty and for an
exemption from such penalty, under circumstances provided
for in the statute.    So far as the imposition of the tax was
concerned, the legislature imposed a liability ; a liability was
also imposed in the nature of a penalty for the failure to pay
the tax within a certain time, and a privilege or right was
granted to avoid the penalty under the circumstances set forth
in the act, and when the penalty was not charged, the interest
was then to be six per cent from the expiration of eighteen
months subsequent to the death of the decedent.

While the law was in this condition the legislature on the
first day of May, 1892, passed the act, chapter 399 of the
laws of that year.    The statute repealed the prior acts upon
the subject of taxation of collateral inheritances and itself
made full provision therefor.    It altered the fifth section of
the act of 1887, above alluded to, by providing that if the
penalty of ten per cent interest on overdue taxes was not
charged, then interest at the rate of six per cent per annum
should be charged from the date of the decedent's death.
The reasons for not charging the penalty of ten per cent were
left the same in the new as in the old statute.

Section 24 of the new or repealing act contained a saving
clause providing that the repealing clause should "not affect
or impair any act done or right accruing, accrued or acquired,
or liability, penalty, forfeiture or punishment incurred prior
to May 1, 1892, under or by virtue of any law so repealed."
It will be seen that the repealing act was passed a few days
before the expiration of eighteen months subsequent to the
death of the decedent.    The appellant's counsel claims that
when the act was passed there remained a period of time
within which the tax could have been paid without the lia-
bility to pay any penalty, and that before such time had
expired, and consequently before the possible right to charge
the penalty had accrued, the law was changed so that when
the right did accrue, unless it were remitted, the law provided

for the payment of interest from the death of the decedent, instead of from eighteen months thereafter. I think this is an erroneous view of the case.

When the decedent died the law of 1887 in its entirety applied, and, under its provisions, the executors of the estate would have the right, at the proper time, to ask that the interest to be charged against them for delayed payment of the tax (excused under the provisions of the 5th section) should be six per cent from the date of eighteen months after the death of the decedent. The repealing act altered this provision, but at the same time saved the right which, within the meaning of the statute, had either "accrued," or was "accruing," at the time of its passage. This provision of the 5th section of the act of 1887 may well be called a right within the meaning of the act of 1892. The claim is not made that it was a "right" which could not be altered, or even totally extinguished, in the discretion of the law-making power. If it were of such a character of course the statute which assumed to do either would be ineffectual for such purpose. But it was something which, while the law remained unaltered, gave to the parties representing the estate the absolute right to have the interest charged at a certain percentage, and from a certain date, upon the fact appearing which the statute provided for. This right was subject to no discretion, and to no one's whim. Nothing but legislative enactment could alter or abridge it in the slightest degree. The legislature did thereafter alter the law, but, at the same time, said it should not affect a right already accrued, accruing or acquired. I think it would be a most narrow and unreasonable construction of those words to hold that they do not include a case like this. If there were a doubt upon the question it should be resolved in favor of the taxpayer as represented by the executors and against the taxing power. ( *United States* v. *Wigglesworth*, 2 Story, 369; *United States* v. *Watts*, 1 Bond, 580; *Partington* v. *Atty.-Genl.*, L. R. [4 H. L.] 100, 122, and many other cases cited in the brief of counsel for the respondent.)

The statute, in my opinion, is not doubtful in construction, so far as this question is concerned, and I think the 24th section of the act of 1892 applies to this case.

The order should, therefore, be affirmed, with costs.

All concur, except ANDREWS, Ch. J., not sitting.

Order affirmed.