LEWIS and DAVY, JJ., concurred; BRADLEY, J., not voting.

Motion for new trial granted, costs to abide the final award of costs.

---

In the Matter of the Collection of the Collateral Inheritance Tax on the Estate of CAROLINE C. MOORE, Deceased.

JOHN C. GRAVES and AUGUSTA C. GRAVES, as Executors, etc., of CAROLINE C. MOORE, Deceased, Appellants; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

*Collateral inheritance tax — exemption of an adopted child under chap. 713, Laws of 1887 — children of an adopted child not exempt — exemption is not presumed — rate of interest in cases of unavoidable delay.*

Where a person claims exemption from taxation he must be able to point specifically to the statute which creates the exemption; an exemption cannot be inferred or assumed.

In proceedings taken to collect the collateral inheritance tax upon various bequests contained in the will of one Caroline C. Moore, and the interest upon such tax, it appeared that she died in May, 1887, and made her adopted daughter, Augusta C. Graves, and Augusta's seven children, residuary legatees of her property; that a controversy arose between Mrs. Graves and her children as to their respective shares in the residuary fund, which was finally decided in the Court of Appeals, in March, 1891, that court holding that Mrs. Graves and her children took each one-eighth; that in July, 1891, the present proceedings were taken, in which it was determined by the surrogate that the share of Mrs. Graves was not taxable, but that the shares of her children were subject to the tax, on which interest was directed to be paid at the rate of six per cent from May 28, 1888, to March 24, 1891, and *after that* at the rate of ten per cent, and that thereafter an appeal from the surrogate's decision was taken, which was not heard at General Term until June, 1895.

It further appeared that Mrs. Graves had never been legally adopted by Mrs. Moore, was of full age when chapter 830 of the Laws of 1873 relating to adopted children took effect, and was not entitled to inherit under chapter 703 of the Laws of 1887, giving an inheritable quality to adopted children.

*Held*, that chapter 713 of the Laws of 1887, an act to tax gifts, legacies and collateral inheritances, applied to the case;

That as Mrs. Moore died before the passage of chapter 399 of the Laws of 1892, the clause in the latter act saving from its effect any right accruing or acquired or liability incurred prior to the said act of 1892, precluded the court from applying the act of 1892 to this case;

That, under the act of 1887, Mrs. Graves' share was exempt from taxation because of the mutually acknowledged relations of parent and child which existed between her and the deceased;

That the children of Mrs. Graves, being children of an adopted child, were not entitled to any exemption, since they were not of the blood of Mrs. Moore, nor were they in any sense her lineal descendants;

That inasmuch as there had been litigation and other unavoidable delays in the settlement of the estate, from the time of the probate of the will of the decedent up to the time of the argument at General Term, the rate of interest to be charged upon the sums payable as a tax, under section 5 of chapter 713 of the Laws of 1887, should be only six per cent per annum up to the time when payment should be made.

APPEAL by John C. Graves and another, as executors, etc., of Caroline C. Moore, deceased, from an order and decree of the Surrogate's Court of the county of Erie, entered in said Surrogate's Court on the 5th day of January, 1894, directing said executors to pay to the treasurer of Erie county the sum of $8,055.65, with interest, being the amount of the collateral inheritance tax upon various bequests contained in the last will and testament of Caroline C. Moore, deceased.

*Adelbert Moot,* for the appellants.

*Hamilton Ward, Jr., Assistant District Attorney,* for the respondent. ·

WARD, J. :

The deceased, Caroline C. Moore, a resident of Buffalo, died on the 28th day of May, 1887, the owner of a large amount of property, real and personal. She left a will, which was duly admitted to probate, by the ninth clause of which Augusta C. Graves, wife of John C. Graves, of Buffalo, and her seven children were made the residuary legatees of her property. A controversy arose between Mrs. Graves and her children as to the proportion of the residuary fund these legatees should take respectively. A case was made and submission presented to the General Term of this court, under section 1279 of the Code of Civil Procedure, to decide that controversy, and the General Term of this department, in December, 1889, held that Mrs. Graves and her children each took an eighth of the residuary estate, the contention of Mrs. Graves being that she was entitled to one-half of the estate and the children to the residue. (Reported 55 Hun, 58.) Mrs. Graves appealed to the Court of Appeals and the judgment of the General Term was affirmed March 20, 1891. (126 N. Y. 636.) In July, 1891, the district attorney of Erie county presented a petition to the Surrogate's Court of that county praying that Mrs. Graves and her children should show cause why a collateral inheritance tax should not be ascertained and paid, together with the interest thereon, upon the property transmitted to them from the deceased. Proceedings were had on such petition, Mrs. Graves and her children resisting the tax, claiming that they were exempt from the same, and finally, on the 12th day of July, 1892, the surrogate appointed an appraiser to appraise the value of the property of these parties, and on the 17th of January, 1893, the appraiser made his report to the surrogate as to the value and amount of such property ; on the 22d day of December, 1893, the surrogate made his decree in the premises relieving Mrs. Graves' interest from taxation, but fixing the share of each of her children at $23,019, and ordered that the executors of the deceased pay to the treasurer of Erie county the sum of $8,055.65, with interest on the same at the rate of six per cent per

annum from the 28th day of May, 1888, to the 24th day of March, 1891, and interest on the same from the 24th day of March, 1891, at ten per cent per annum. On the 24th of February, 1894, the executors appealed from that decree to this court, and the appeal was argued in June last.

Augusta C. Graves was not a child of the deceased, nor had she been adopted by the deceased under any of the laws of this State, but for more than ten years prior to her death the decedent had stood in the mutually acknowledged relationship of a parent to Mrs. Graves. Mrs. Graves was of full age when chapter 830 of the Laws of 1873 relating to adopted children took effect, and was not entitled to inherit under chapter 703 of the Laws of 1887, giving an inheritable quality to adopted children.

The appellants contend that this case is to be governed by chapter 713 of the Laws of 1887, which took effect June 25, 1887, and not by chapter 399 of the Laws of 1892, which was a consolidation of the transfer tax laws and repealed all prior laws upon the subject, with a saving clause in the 24th section as to any act done or right accruing or acquired or liability, penalty or forfeiture incurred prior to said act of 1892, and this court in *The Matter of Milne* (76 Hun, 328), and the Court of Appeals in *The Matter of Fayerweather* (143 N. Y. 114), have sustained this contention, in which we concur.

The chief contention of the appellants is that under the act of 1887 the children of Mrs. Graves are exempt from taxation upon their shares of this property the same as Mrs. Graves herself, and while those children are not precisely covered by the terms of the statute, still it was the manifest intent thereof to include the children of persons who had borne mutually acknowledged relations as children to the decedent as well as such persons. This involves a careful examination of the statute and its exemptions. By section 1 of chapter 713 of the Laws of 1887 it is provided that a tax of five dollars shall be imposed on every $100 of the clear market value of such property as shall pass by will or the intestate laws of the State, from any person who may die seized or possessed of the same or any interest therein or income therefrom, which shall be transferred by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor

to any person or persons, or body politic or corporate, in trust or otherwise, or by reason whereof any person or body, politic or corporate, shall become beneficially entitled in possession or expectancy to any property, or to the income thereof, " other than to or for the use of his or her father, mother, husband, wife, child, brother, sister, the wife or widow of a son or the husband of a daughter, or any child or children adopted as such in conformity with the laws of the State of New York, or any person to whom the deceased for not less than ten years prior to his or her death stood in the mutually acknowledged relation of a parent, and any lineal descendant of such decedent born in lawful wedlock, or the societies, corporations and institutions now exempted by law from taxation," etc.

The children of Mrs. Graves certainly do not come within any of the exemptions above set forth, unless they may be regarded in some manner as the children or the lineal descendants of the decedent. Upon the death of an individual his estate reverts to the State, and inheritance and testamentary disposition are the exercise of a sovereign power. The State has the absolute dominion over the estate and taxes can be levied to the extent of that dominion.

Consequently, whatever passes under the will and the intestate laws of the State above the amount retained by the State is a voluntary gift, and a person claiming exemption from taxation must be able to point specifically to the statute creating that exemption. The exemption will not be inferred or assumed.

The children of Augusta C. Graves were in no sense the children of the deceased. Bouvier's Dictionary defines a " child " to be " the son or daughter in relation to the father or mother," born in lawful wedlock or within such competent time afterwards as to create the presumption of such relation. The term child in its primary and commonly understood meaning designates descendants in the first degree and does not include grandchildren or others. (*Palmer* v. *Horn*, 84 N. Y. 521; *Magaw* v. *Field*, 48 id. 668; *Low* v. *Harmony & Others*, 72 id. 414.)

The term child does not ordinarily and properly speaking comprehend grandchildren, yet sometimes that meaning is affixed to it in cases of necessity, and the cases where the term child or children is sometimes held to include grandchildren are where the circumstances surrounding the bequest and the condition of

the testator's family and peculiar provisions of the will itself, afford persuasive evidence that the testator intended by the term child or children to include grandchildren, but this condition never applies to strangers to the blood. In this case the children of Mrs. Graves are strangers to the blood of the decedent. It cannot be claimed that they are in any sense lineal descendants, for those descendants come in a direct line from and are of the blood of the decedent.

The surrogate held that Mrs. Graves' share was exempt because of the mutually acknowledged relation of parent and child that existed between her and the deceased, and that she stood upon that special exception in the statute; that exception in no manner embraces her children or any one but herself.

We cannot see upon what principle this contention of the appellants can be sustained, and we must hold with the learned surrogate, in this respect, viz., that none of the shares of the children of Mrs. Graves is exempt, but the order of the surrogate taxing them must be sustained.

The appellants further contend that the surrogate erred in directing the collection of interest upon the respective shares of the children. We are favored with a memorandum of the learned surrogate, stating his conclusions in the case, in which he says: "The question whether this case should be decided in accordance with the above-mentioned acts (the Collateral Inheritance Tax Acts of 1885 and 1887) or the act of 1892 (Chap. 399), is not of importance." At that time the decisions in *The Matter of Milne* and in *The Matter of Fayerweather* (*supra*) had not been announced, and the surrogate had not, therefore, the benefit of them in determining this question; but, as we have before concluded, the act of 1887 governs, and by section 4 of that act (Chap. 713 of the Laws of 1887) it is provided: "All taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and if the same are paid within eighteen months no interest shall be charged and collected thereon, but if not paid, interest at the rate of 10 per cent per annum shall be charged and collected from the time said tax accrued.

By section 5 of that act it is provided: "The penalty of 10 per cent per annum imposed by section 4 hereof, for the non-payment of said

tax, shall not be charged where, in cases by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, the estate of any decedent or a part thereof cannot be settled at the end of eighteen months from the death of the decedent, and in such cases only six per cent per annum shall be charged upon the said tax, from the expiration of said eighteen months until the cause of such delay is removed."

It will be seen from the history of this case above given that there has been such litigation and other unavoidable causes of delay as to prevent the settlement of the estate and an adjustment of the rights of the parties therein, substantially from the time of the probate of the will of the decedent to the present time, and there is reason in the contention of the appellants that they should only be charged with interest at the rate of six per cent from the expiration of eighteen months from the death of the decedent, as provided in section 5. The statute designates the ten per cent requirement as a penalty, the intent being to impose it where the delay is inexcusable, and for that reason the parties at whose property the collateral inheritance tax is aimed should be in a sense punished. It seems to us, from the history of this case, that no penalty should be imposed for the delay which has occurred, and that all the interest which the shares of the children of Mrs. Graves should be compelled to pay should be the six per cent after the expiration of the eighteen months.

The decree of the surrogate of Erie county should be affirmed, with the modification that interest should be paid on the sum of $8,055.65 at the rate of six per cent per annum from the 28th day of November, 1888, until the same is paid.

As neither party has wholly succeeded upon this appeal, costs of the appeal will not be allowed to either party.

LEWIS, BRADLEY and DAVY, JJ., concurred.

Decree of the Surrogate's Court of Erie county modified so as to charge interest upon the shares in question at the rate of six per cent per annum from November 28, 1888, until paid, and, as so modified, affirmed, without costs of this appeal to either party.