1. TRANSFER TAX—DEVISE—IDENTIFICATION OF LEGATEE.

 Where a share in testator's property is devised to "my niece and adopted daughter" upon trust to pay her the income for life, with remainder to her issue, the adopted daughter's share is not exempt from the transfer tax unless the relation existing between her and the decedent has been established before the appraiser by proof.

2. SAME—ADOPTED CHILD—ISSUE.

 The exemption from a transfer tax afforded an adopted child does not extend to its issue.

In the matter of the estate of Charles Fisch, deceased. Proceedings to establish transfer tax. Further report by appraiser ordered.

Winthrop Parker, for executor.

FITZGERALD, S. An order has been noticed for settlement which adjudges transfers of property made by the will of this decedent exempt from transfer tax. The appraiser reports that he appraised the property subject to the payment of tax "at its fair market value at the date of the death of said decedent, to wit, on or about the 1st day of January, 1900, and I find that no tax thereon passes in this proceeding." His meaning probably is that he finds no property, the transfer of which is subject to the tax. There was no appearance on the settlement of the order in behalf of the comptroller. The report contains no appraisal of the property. By the will of the testator, after the payment of his debts, etc., the estate is to be divided into three equal portions,—one for each of his two daughters, and one share for "my niece and adopted daughter, Clara Reichert." The said niece and adopted daughter also takes a remainder contingent upon the death of either of the natural daughters without issue. The share of the niece and adopted daughter is given upon trust to pay the net income to her during life, with remainder to her issue; in the event of her death without issue, the remainder to be paid to the natural daughters of the testator or their issue, per stirpes. The taxability of the share passing to the niece is dependent upon the establishment of her relationship to the testator. The mere recital in the will is not conclusive. The appraiser makes no reference to this subject in his report, though it may be conjectured that his omission to appraise the value of the property was occasioned by his assumption that this share was not taxable. The only reference to the matter I find in the proofs attached to the report is contained in the affidavit of one of the daughters, wherein she furnishes the names of the legatees and devisees in the will, their places of residence, and relationship. The evidence adduced to support a claim of exemption is insufficient. Apart from the question whether the mutually acknowledged relationship between this legatee and testator was sufficiently established, the provisions of the will show that in any event this legatee takes but a life interest, with remainder to her issue. The latter are not accorded the privilege granted to their mother in case she succeeds in establishing her claim. In re Bird's

Estate (Sur.) 11 N. Y. Supp. 895; In re Moore's Estate, 90 Hun, 162, 35 N. Y. Supp. 782. No information is furnished by the report as to the existence of issue of this legatee, and other facts are lacking which it is necessary to ascertain in order that the tax may be adjusted. Submit order directing the appraiser to make a further report accordingly.

. Decreed accordingly.