### In re GOELET'S ESTATE.

(Surrogate's Court, New York County. July 18, 1901.)

**1. COLLATERAL INHERITANCE TAX—FUTURE ESTATES.**

Laws 1896, c. 908, § 230, as amended by Laws 1897, c. 284, in existence at death of a testator leaving property in trust for his son, with direction that it be paid on the son's reaching majority, provided that contingent estates in expectancy should be appraised, for purposes of the inheritance tax, at their full value when the person entitled thereto should come into the beneficial enjoyment thereof, without diminution on account of any valuation theretofore made of the particular estate. Laws 1899, c. 76, required the immediate assessment and payment of the tax upon contingent interests. *Held*, that the former act determined the amount of collateral inheritance tax to be paid on the son's coming into possession, notwithstanding the amendment of 1899.

In the matter of the estate of Ogden Goelet. Proceeding for assessing the collateral inheritance tax.

FITZGERALD, S. The testator died in August, 1897, leaving a will by which he gave one-half of his residuary estate in trust for the benefit of his son, Robert, directing his executor to pay to him, upon attaining majority, his share in the residuary estate. In the proceeding heretofore had for the purpose of assessing the transfer tax, the appraiser fixed the value of the taxable interest of the said legatee in the sum of $500,000 for the period intervening between the death of the testator and his majority. In the appraiser's report the value of the remainder interest, as shown by the certificate of the insurance department, which was attached to said report, was $399,675. The appraiser reported that the said remainder, as well as other interests of a similar character passing by the will, were not then taxable, as it was not then ascertainable to whom said interests would finally pass. An order was entered on such report, fixing the tax, and providing "that the matter of fixing the tax, on the interests or shares in remainder passing under said will which may be subject to taxation under the said act, be, and the same is hereby, reserved until it is ascertainable to whom the interests of shares in remainder will finally pass." The legatee attained the age of 21 years in January, 1901, when the said

sum of $500,000 became payable, as directed by the will. The executor asks that the court make an order fixing the tax upon the interest in remainder in said sum at the value ascertained by the appraiser, as above stated. An order is submitted which assesses the tax upon the value of the remainder interest as fixed by the appraiser's report.

By the laws in existence at the date of the death of the decedent (section 230, c. 908, Laws 1896, as amended by chapter 284, Laws 1897), "estates in expectancy, which are contingent or defeasible, shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited." Chapter 76 of the Laws of 1899, which became a law March 14th of that year, in amending section 230, omitted the clause quoted, and provided for the immediate assessment and payment of the tax upon contingent interests.

The taxability of the interests passing under the will is determined by the law in existence at the date of the transfer of title, and this is so notwithstanding the alteration of the law effected by the subsequent statute. In re Miller's Estate, 110 N. Y. 216, 18 N. E. 139; People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684; Sherrill v. Christ Church, 121 N. Y. 701, 25 N. E. 50; In re Van Kleeck, Id.; Reid v. Board, 128 N. Y. 373, 28 N. E. 367; Quinlan v. Welch, 141 N. Y. 158, 36 N. E. 12; In re Fayerweather, 143 N. Y. 114, 38 N. E. 278; In re Roosevelt's Estate, 143 N. Y. 120, 38 N. E. 281, 25 L. R. A. 695; In re Davis' Estate, 149 N. Y. 539, 44 N. E. 185; In re Milne, 76 Hun, 328, 27 N. Y. Supp. 727; In re Moore's Estate, 90 Hun, 162, 35 N. Y. Supp. 782.

The value of the estate now transferred by the executor to the legatee must be assessed at the value of the principal fund, undiminished by the value of the estate during the minority of the legatee, heretofore assessed for the purpose of taxation.