In the Matter of Fixing the Transfer Tax upon the Remainder Limited upon the Life of SARAH M. MASON, under the Will of JOSEPH NAYLOR, Deceased.

WALTER R. MASON and Others, Appellants; MARTIN H. GLYNN, Comptroller of the State of New York, Respondent.

First Department, July 15, 1907.

Tax — valuation of remainder under chapter 284 of Laws of 1897 — res adjudicata.

Although the valuation of a remainder was made during the life of the life tenant in a proceeding to determine a transfer tax under chapter 284 of the Laws of 1897 that valuation is not binding upon remaindermen not notified, and hence the confirmation thereof by the surrogate is not *res adjudicata* as against the State in a subsequent proceeding brought by the remaindermen to determine the amount of their transfer tax.

A judicial determination whether by judgment, order or decree is conclusive only in respect to the grounds covered by it and the necessary facts passed upon to uphold it. A determination as to immaterial facts is not binding.

INGRAHAM, J., dissented.

APPEAL by Walter R. Mason and others from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 6th day of May, 1907, affirming a prior order of said court which determined the value of the remainder limited upon the life of Sarah M. Mason in and by the will of Joseph Naylor, deceased, and fixed the amount of the transfer tax thereon.

*John H. Post,* for the appellants.

*Thomas B. Casey,* for the respondent.

McLAUGHLIN, J. :

On the 7th of June, 1897, Joseph Naylor died, leaving a will by which he devised certain real estate in trust to trustees therein named for the benefit of his wife during her life, and directed them, upon her death, to hold such real estate upon seven separate trusts for the benefit of his seven nephews and nieces respectively, paying to each the net income of one equal seventh part during his or her life, with remainder in each case to his or her surviving lineal descendants. The executors qualified, and on the 10th of August, 1898, an appraiser was appointed to fix the transfer tax. He gave due notice to all of the parties then interested, and on the first of October following filed his report, by which the net value of the real estate passing under the will was found to be $271,109.36. This he divided into seven equal parts, one for each of the life tenants, and fixed the cash value of the life estate as well as the remainder in each case. The value of the life estate of Sarah Morgan Mason (one of the nieces) was fixed at $15,307, and the tax imposed thereon was $765.35. The value of the remainder limited upon her life was fixed at $22,316, but no tax was imposed thereon because, according to his report, it could not then be definitely ascertained to whom such remainder would ultimately descend. His report was subsequently confirmed by an order of the Surrogate's Court, and no appeal was taken therefrom. Sarah Morgan Mason died November 27, 1905, leaving the appellants, Walter R. Mason and Edgar F. Mason, her sons, and only surviving descendants. They each, under the will of Joseph Naylor, became entitled to one-half of the one-seventh given to their mother for life. Shortly after the mother's death they applied to the surrogate for an order fixing the amount of the transfer tax upon the remainder limited upon the life of their mother, and which had previously been valued by the appraiser at $22,316. The statute which was in force at the time of Naylor's death, under and by which the transfer tax had to be determined, was chapter 284 of the Laws of 1897, and the surrogate held that the appellants were liable to pay, under this statute, a tax, not on the value of the remainder as determined

by the appraiser theretofore appointed, but upon the value of the real estate passing, undiminished by the value of the estate of their mother. This statute provides that "Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited." (Tax Law [Laws of 1896, chap. 908], § 230, as amd. by Laws of 1897, chap. 284.) An appeal was taken to the Surrogate's Court, where the same conclusion was reached, and an order was entered fixing the tax upon the full value of the real estate as of the time of the testator's death, and as ascertained by the appraiser theretofore appointed. The appeal is from this order.

The appellants contend that the order fixing the value of the real estate passing to them was definitely determined on the former appraisement, and that the order then entered is *res adjudicata*. I do not think it is. It is not claimed that the statute authorized a determination to then be made of the value of the interest passing to the remaindermen and it could not well be, in view of the language used in the statute. What is claimed is that that appraisement having been made, and the State being represented, an error of law was committed which could only be corrected by appeal; that no appeal was taken by the State, and, therefore, it is not in a position to assert that that order was erroneous; in other words, that that order is *res adjudicata* as to the value of the estate passing to the appellants. The value of the estate passing to the remaindermen was not before the appraiser. There was no necessity for, and he had no authority to pass upon that question. (*Matter of Earle,* 74 App. Div. 458; *Matter of Goelet's Estate,* 78 N. Y. Supp. 47.) A judicial determination, whether it be by judgment, order or decree, is conclusive only in respect to the grounds covered by it and the necessary facts passed upon to uphold it, and although it in express terms purports to determine a particular fact, yet, if such fact were immaterial, the judgment, order or decree will not conclude the parties in reference thereto. It is only the material, relevant and necessary facts decided which are finally and conclusively determined. (*Stokes* v. *Foote,* 172 N. Y. 327, revg. S. C., *Stokes* v. *Stokes,*

49 App. Div. 302; *House* v. *Lockwood*, 137 N. Y. 259; *Springer* v. *Bien*, 128 id. 99; *Stannard* v. *Hubbell*, 123 id. 520; *Stowell* v. *Chamberlain*, 60 id. 272; *Woodgate* v. *Fleet*, 44 id. 1; *Campbell* v. *Consalus*, 25 id. 613.)

The rule is well illustrated in the authority last cited. There an action was brought to procure the cancellation of a mortgage upon the ground that it had been paid, and the pleadings put in issue that fact. The trial court found that the mortgage had not been paid and that the sum of $2,754 remained unpaid. In a subsequent action to foreclose the mortgage the court held that the prior judgment was conclusive upon the parties *only* as to the fact that something was due, but not the amount.

In *Woodgate* v. *Fleet* (*supra*) Commissioner EARL, referring to the rule *res adjudicata*, said: "A judgment is conclusive upon the parties thereto only in respect to the grounds covered by it, and the law and facts necessary to uphold it; and although a decree in express terms purports to affirm a particular fact or rule of law, yet, if such fact or rule of law was immaterial to the issue and the controversy did not turn upon it, the decree will not conclude the parties in reference thereto."

And in *Stannard* v. *Hubbell* (*supra*) the head note, which seems to fairly state the ground of the decision, is that "Only material, relevant and necessary facts decided in an action are conclusively determined thereby; the judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial or unessential facts, even though put in issue by the pleadings and directly decided."

The fact that the appraiser undertook to determine the value of the estate which would ultimately pass to the remaindermen did not bind them, because they were not represented, and if it did not bind them, I do not see how it can be claimed that it bound the State. *Res adjudicata* is predicated upon the doctrine of estoppel, and this always presupposes that the party against whom it is asserted has had an opportunity to be heard. The remaindermen had no notice of the appraisement. As such they were not represented, and no one would seriously contend, such facts existing, that they were finally and conclusively estopped from questioning the value as then ascertained. The proceeding then instituted was not

for the purpose of ascertaining the value of the estate passing to them, and that question was not involved. It was not material or necessary to be determined, and for that reason the order confirming the appraiser's report was not binding upon and did not conclude the parties to this proceeding. (*Rudd* v. *Cornell*, 171 N. Y. 129.)

I am of the opinion the order appealed from is right and should be affirmed, with ten dollars costs and disbursements.

Clarke, Houghton and Lambert, JJ., concurred; Ingraham, J., dissented.

Order affirmed, with ten dollars costs and disbursements.

---

The New York Central and Hudson River Railroad Company, Respondent, *v.* Fielding L. Marshall and Others, as Executors of and Trustees under the Last Will and Testament of Susanna P. Lees, Deceased, and Others, Appellants.

First Department, July 15, 1907.

**Eminent domain — access to water front — condemnation of easement — award.**

When the owner of two strips of land divided by a railroad has reserved by deed the right of access from one strip to the other which constitutes a water front, an award made on the subsequent condemnation of the water front by the railroad should include compensation for the loss of access to the water. This, irrespective of section 32 of the Railroad Law requiring a railroad to maintain farm crossings, etc., for its application to access to water ways is problematic and is not equivalent to an absolute right reserved by deed.

Appeal by the defendants, Fielding L. Marshall and others, as executors and trustees, etc., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of January, 1907, confirming the report of commissioners of estimate and assessment.

*Howard R. Bayne*, for the appellants.

*George H. Walker*, for the respondent.