(174 App. Div. 467)

### In re DICKEY'S WILL.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

TAXATION ☞878(1)—TRANSFER TAX—SUCCESSIVE ESTATES.

> Where testator gave a sum to trustees for his granddaughter, unused income to be accumulated until she was 21, the trustees to transfer to her the accumulated balance when she reached 21, she to have the income thereof from 21 to 25, and at that age to receive the principal, such granddaughter had two taxable estates: First, the estate in the income and its accumulations; second, the estate in the capital fund upon reaching 25—and was taxable on the latter at the rate of 1 per cent., though her defeasible life interest had been previously taxed, the transfer tax not being on property, but on the right of succession or transfer.
>
> [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1700; Dec. Dig. ☞878(1).]

Appeal from Surrogate's Court, Suffolk County.

In the matter of the appraisal for taxation of the remainder interest in a trust fund passing under the will of Charles Denston Dickey, deceased. From an order of the Surrogate's Court fixing the taxable value, the State Comptroller appeals. Order reversed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH and PUTNAM, JJ.

William H. Robbins, of Bay Shore, for appellant comptroller.

George F. Canfield, of New York City (Arthur B. Smith, of New York City, on the brief), for respondent.

PUTNAM, J. By the will of the late Mr. Dickey, who died in August, 1897, $350,000 was given to trustees for the benefit of his granddaughter, Sophie Witherspoon Townsend. Until she should be 21, the trustees were to accumulate for her the unused income beyond that deemed necessary for her support. On reaching 21, the trustees were to transfer to her all such accumulated balance. She was to have the income of this from the age of 21 up to 25, and at the age of 25 she was to receive the principal. Miss Townsend has now reached the age of 25, and has become entitled to this remainder interest.

In December, 1897, her life interest on the basis of mortality tables was appraised for taxation at $183,400, and the tax paid thereon. The trustees urge that the value of the remainder is the difference, namely, $166,600, subject to a tax of 1 per cent. The comptroller asks that the full capital sum of $350,000 be taxed, regardless of the prior appraisal and tax on the life estate. The surrogate rejected this contention and appraised the remainder at only $166,600. At the time of Mr. Dickey's death the legacy came under Laws 1897, c. 284, § 6, which amended section 230 of the Tax Law (Laws 1896, c. 908) to provide:

"Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates, for purposes of taxation, upon which said estates in expectancy may have been limited." Laws of 1897, p. 154.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Had this estate in remainder passed to another beneficiary, such outside remainderman, on coming into possession thereof, would be taxed upon the full $350,000. Matter of Mason, 120 App. Div. 738, 105 N. Y. Supp. 667, affirmed 189 N. Y. 556, 82 N. E. 1129.

In a parallel instance (Estate of Amos R. Eno [N. Y. Law Journal, April 25, 1913]), Surrogate Cohalan held that the full tax on the trust fund of $500,000 was payable by the granddaughters at arriving at the age of 25, although they had paid a prior tax on their life interest. See Chrystie on Inheritance Taxation, p. 820.

This granddaughter had two taxable estates: (1) The estate in the income, and its accumulations; (2) the estate in the capital fund of $350,000 upon reaching the age of 25 years.

We have never held that the fact that trustees under a will hold the principal, and pay over the income, changed the legal fact of a particular estate with a remainder limited thereon. This tax is not on property, but upon the right of succession or transfer.

A new estate in fee has now succeeded to a prior defeasible interest for the beneficiary's life up to the age of 25. Although both interests successively vest in the same person, we cannot, by construction, undo what the Legislature so plainly has declared.

I, therefore, recommend that the order of the Surrogate's Court of Suffolk County be reversed, with costs, and the endowment interest of Sophie Witherspoon Townsend be valued at $350,000, with a tax thereon of $3,500. All concur.