Joseph A. Cox, S.
This is an appeal by the executors from the order of this court dated January 16, 1962 fixing the estate tax pursuant to a stipulation entered into between the executors and the attorney for the State Tax Commission. The stipulation reserved to the executors the right to challenge the tax imposed. The ground of appeal is that the decedent who died a resident *401 of the State of Connecticut left no property in this State which is subject to tax under section 249-p of the Tax Law.
Violet E. Singer the wife of this decedent predeceased him and died on October 16, 1948, a resident of the State of Connecticut. Her will was probated in Connecticut and in this court. Her only assets in this jurisdiction consisted of furs in storage and the New York estate tax amounting to $125.82 was fixed by order of this court dated August 31, 1953 and duly paid. By the terms of her will Violet E. Singer created a trust of one half of her residuary estate for the benefit of her husband Paris Gr. Singer for life and upon his death, the principal to be distributed as he might appoint by will with remainder over in default of appointment to three named cousins of Violet E. Singer. This decedent died on December 14,1953, a resident of the State of Connecticut and his will was admitted to probate in that State. He exercised the power of appointment and appointed the trust to four cousins of Violet E. Singer, three of whom were the remaindermen named in the will of Violet E. Singer and would take the fund on default of the exercise of the power.
At the time of the death of Violet E. Singer there was included in the corpus of the trust subject to the power of appointment, shares of stock of a corporation owning premises 1441 Broadway, New York City. During the continuance of the trust this corporation was dissolved and on the termination of the trust the trustees owned a one-quarter interest in the premises 1441 Broadway, New York City. That interest was appraised at $271,250 and on the basis of such valuation, the order of January 16, 1962 fixed the estate tax at $7,167.79. Payment of that sum plus interest of $3,405.91 was made without prejudice to the right of the executors to seek a refund.
Section 249-p of the Tax Law prescribes the property and method of computing the tax on the estate of a nonresident of the State of New York. The section reads:
“ A tax is hereby imposed upon the transfer of so much of the net estate of every person dying on or after the effective date of this article, who, at the time of death, was a nonresident of this state, as consists of real property situated and tangible personal property having an actual situs in this state * * #
The amount of the tax on such real and tangible personal property shall be determined as follows:
‘ ‘ Ascertain the amount of tax which would be payable under this article if the decedent had died a resident of this state with all his property (except real property situated and tangible personal property having an actual situs outside this state) *402 situated or located within this state, and multiply the net tax so ascertained by a fraction the denominator of which shall be the value of the gross estate as ascertained for the purpose of computing such tax and the numerator of which shall be the said gross estate value of the real property situated and the tangible personal property having an actual situs in this state. The product shall be the amount of tax payable to this state. No credit shall be allowed against the tax so determined.”
The only items of property of a nonresident taxable under this statute are real property situated and tangible personal property having an actual situs in this State. There is no provision for the taxation of the exercise of a power of appointment with respect to such properties. That a donee of a power of appointment has no legal estate in the subject matter of the power is well recognized (Farmers Loan & Trust Co. v. Mortimer, 219 N. Y. 290; Matter of Walbridge, 178 Misc. 32 and cases therein cited). Consequently, in prescribing the items to be included in the gross estate of a resident of this State, the Legislature specifically included the exercise of powers of appointment (Tax Law, § 249-r, subd. 7). The omission of such a provision in section 249-p of the Tax Law is indicative of the legislative intent not to include powers of appointment when exercised by a nonresident. In the absence of a clear direction to do so there should not be included in the term “ net estate ” as used in section 249-p of the Tax Law property not owned by the nonresident but over which he has a power of appointment only.
It is a well-established principle of law that in construing a tax statute any doubt upon the question should be resolved in favor of the taxpayer (Matter of Good Humor Corp. v. McGoldrick, 289 N. Y. 452; Matter of McMullen, 199 App. Div. 393; Matter of Fayerweather, 143 N. Y. 114 and cases cited therein.) The court, therefore, holds that the inclusion in this nonresident’s estate of property over which he exercised the power of appointment was improper. In view of this determination, it is unnecessary to consider the contention that in no event could a tax be imposed upon three fourths of the trust that passed in equal one-quarter shares to the three remaindermen named by Violet E. Singer to receive the fund in default of the exercise of the power. Under the terms of the donor’s will and conceded in the stipulation of the parties upon which the order of June 16, 1962 fixing tax was entered, this decedent received a general power of appointment. Under such circumstances there would be no right to elect to take under the will of the donor of the power but the entire fund would be taxed in the donee’s estate *403 upon the exercise of the power (Matter of Rogers, 269 App. Div. 551, affd. 296 N.Y. 676).
Submit order on notice sustaining the appeal and modifying the order fixing tax in accordance with this decision.