### (Surrogate's Court, Suffolk County. February, 1901.)

TAXATION—EXEMPTION—CHARITABLE CORPORATION—CHARTER.

　　The amended charter of a charitable corporation provided that it should have the powers and be subject to the restrictions contained in Rev. St. pt. 1, c. 18, tit. 3, which contains the powers and restrictions pertaining to corporations in general, and to the provisions of Rev. St. pt. 1, c. 13, relative to public libraries, which declares the real and personal property of every public library to be exempt from taxation. Held, that for taxation purposes such corporation must be considered a public library.

2. SAME—LEGACY TAX—EXEMPTIONS.

　　Tax Law, art. 10, § 220, imposes a tax on devises and bequests of more than $500 by residents of the state to persons and corporations not exempt by law from taxation. Article 1, § 4, subd. 7, exempts from taxation the property of corporations and associations organized exclusively for the mental or moral improvement of men or women, or for charitable, hospital, infirmary, or educational purposes. Article 10, § 243 (Laws 1900, c. 382, § 2), provides that the exemptions of section 4 shall not apply to the taxes imposed by article 10. Held, that a bequest to a charitable corporation, exempted by its charter from taxation, was not liable to a legacy tax.

8. SAME.

　　A legacy to a charitable corporation, whose only claim to exemption from taxation is under Tax Law, § 4, is subject to the legacy tax, since the exemptions of section 4, so far as they related to legacy taxes, were repealed by Tax Law, § 243 (Laws 1900, c. 382, § 2).

Appraisal for the taxation of the estate of Benjamin H. Howell, deceased. From a decree fixing the tax on legacies to the Brooklyn Young Men's Christian Association, the Industrial School of the City of Brooklyn, and the Eastern District Hospital, the several legatees appeal. Reversed as to the Young Men's Christian Association and Industrial School, and affirmed as to Eastern District Hospital.

Section 2 of chapter 382 of the Laws of 1900 reads as follows:

"Sec. 2. Article ten of such chapter is hereby amended by adding a section, to be section two hundred and forty-three, to read as follows:

"Sec. 243. Exemptions in article one not applicable.—The exemptions enumerated in section four of the tax law, of which this article is a part, shall not be construed as being applicable in any manner to the provisions of article ten hereof."

Otto F. Struse, for Brooklyn Eastern District Hospital.

Lyon & Smith, for Brooklyn Young Men's Christian Association.

Fisher & Voltz, for Industrial School.

Charles F. Cantine, for executors.

PETTY, S. A decree of this court was entered on October 3, 1900, assessing and fixing the tax, after the usual appraisal, on the legacies given by the will of said deceased to the Young Men's Christian Association of Brooklyn, the Eastern District Hospital, and the Industrial School of the City of Brooklyn. The appraiser reported the legacies to these corporations as taxable, and a decree confirming such report was thereupon entered in the usual manner. The testator died on April 16, 1900, and the law applicable to the issues raised on this appeal is, therefore, article 10 of the tax law, including chapter 382, Laws 1900. It is claimed by the appellants the Young Men's Christian Association of Brooklyn and the Industrial School of the City of Brooklyn that they are exempt from the payment of any transfer tax under the provisions of their respective charters. As to the Industrial School, it appears by its amended act of incorporation that its personal property is exempt from taxation to the amount of $75,000. Laws 1870, c. 433, §§ 1, 2. It is also shown that its personal property is below said sum. As to the Young Men's Christian Association of Brooklyn, it appears that by an amendment to its charter it possesses the general powers, and is subject to the general restrictions and liabilities, prescribed in title 3 of chapter 18 of part 1 of the Revised Statutes, and to the provisions of chapter 13 of part 1 of the Revised Statutes, relative to public libraries. Laws 1884, c. 437. Chapter 13, above mentioned (section 4, subd. 5), then in force, provides that the real and personal property of every public library shall be exempt from taxation. 2 Rev. St. (Banks & Bros.' 9th Ed.) 1676, 1677. Chapter 437, Laws 1884, and subdivision 5 of section 4 of chapter 13 of part 1 of the Revised Statutes, must, therefore, be read together, with the result that the Young Men's Christian Association becomes, at the time of its amended charter, for purposes of taxation, a public library.

It was suggested on the argument that, despite this construction, the Young Men's Christian Association might still be liable to payment of the transfer tax under the act of 1900, viz. section 243 of the tax law. If it be held that the corporations and associations mentioned in section 4 of the tax law, to which section 243 of said law refers, are no longer exempt from the payment of transfer tax by reason of the provisions of section 243, it by no means follows that a corporation whose property is exempt by its charter from taxation is

liable to payment of the transfer tax. The Young Men's Christian Association having a charter, which, as above shown, exempts it from taxation on its real and personal property, and similarly the Industrial School of the City of Brooklyn, we see no escape from the view that both these corporations must be exempted under section 220 of article 10 of the tax law, which provides that the law of taxable transfers does not apply to persons and corporations exempt by law from taxation on real or personal property.

As to the Brooklyn Eastern District Hospital a different issue is raised. It is claimed that it is a corporation organized exclusively for charitable and hospital purposes, within the meaning of section 4, subd. 7, of the tax law; and that, being exempt from taxation under that section, it is exempt from the payment of transfer tax under section 220, despite the provisions of section 243, as added in 1900.

We are unable to agree with this construction. It is argued that the exemption of this corporation, as claimed in the foregoing paragraph, stands unrepealed, in that section 243 does not repeal it expressly, and that to repeal it by implication is contrary to the policy of the law. It is doubtless true, as argued, that repeals by implication are not favored; that the taxing power is an extraordinary power; that it should not be exercised doubtfully, but only in cases where a clear right to impose tax exists. Nevertheless, the act of 1900 cannot be nullified and disregarded. The legislature must have had some purpose in mind when it was placed on the statute book, and, while sections 4 and 220 are not expressly repealed, yet section 243 says, in effect, that in assessing and fixing the transfer tax section 4 shall be left out of consideration entirely. It therefore follows that the decree of October 3, 1900, must be modified so as to exempt from taxation herein the Young Men's Christian Association of Brooklyn and the Industrial School, and that said decree, so far as it fixes a tax on the legacy to the Eastern District Hospital, must be affirmed.

Decree reversed as to two appellants, affirmed as to one appellant.