The motion is denied as to the judgment for costs of the Appellate Division amounting to seventy-eight dollars and thirty-nine cents, and the sheriff of Saratoga county is allowed to enforce payment against the defendant for said sum of seventy-eight dollars and thirty-nine cents, less any such sum as shall have been paid thereon, together with twenty-five dollars of the one hundred and six dollars and sixty-three cents judgment.

Motion is denied in part and granted in part, and, therefore, costs are not allowed to either party.

Ordered accordingly.

---

Matter of the Appraisal Under the Act in Relation to the Taxable Transfers of Property of the Property of CHARLES P. HUNTINGTON, Deceased.

(Surrogate's Court, New York County, April, 1901.)

**Transfer tax — Exemption of corporations — Repeal by implication — L. 1900, ch. 382, § 2.**

> A corporation, exempted by a special act from taxation on its real and personal property, remains exempt from the transfer tax imposed by art. 10 of the Tax Law of 1896, notwithstanding the amendment made to that article by section 2 of chapter 382 of the Laws of 1900.

> The amendatory act did not constructively repeal section 220 of said article 10 nor take away the exemption from the transfer tax given by that section to a corporation, exempt under subdivision 7

Surrogate's Court, New York County, April, 1901.    [Vol. 34.

of section 4 of the Tax Law from taxation on its real and personal property, because organized exclusively for a benevolent or charitable purpose.

.Section 4 of the Tax Law relates solely to the exemption of property as distinguished from exemption of transfers and has no application to article 10.

Mr. Huntington, a resident of this county, died April 20, 1900, unmarried and leaving only collateral relatives surviving him. By his will, dated March 4, 1893, and proved in this court July 12, 1900, after various general legacies to relatives, friends and employees, he made the following charitable bequests: New York Society for the Relief of the Ruptured and Crippled, $20,000; Roosevelt Hospital, the Five Points House of Industry, the Children's Aid Society for the Newsboys' Lodging-house, the American Female Guardian Society and Home for the Friendless of the City of New York, and the Free Library of the Town of Norwich, Conn., each $20,000. He gave to the rector, church-wardens and vestrymen of St. Thomas' Church his pew in that church and $2,000. The residue of his estate, $95,000, was bequeathed to the Cathedral Church of St. John the Divine. The appraiser, Hon. Robert Mazet, reported these charitable legacies to be subject to taxation at the rate of five per cent. and the gifts to St. Thomas' Church and the Cathedral to be exempt. Upon this report, filed herein November 20, 1900, a formal order was made January 10, 1901, fixing the tax accordingly.

The Children's Aid Society, the Roosevelt Hospital, New York Society for the Relief of the Ruptured and Crippled, and the American Female Guardian Society and Home for the Friendless appealed from the appraiser's report.

The Children's Aid Society appealed on the ground that, under and pursuant to the provisions of chapter 468 of the Laws of 1868, chapter 410 of the Laws of 1882, chapter 378 of the Laws of 1897, and chapter 553 of the Laws of 1890, its real and personal property are exempt from taxation and that the provisions of the Transfer Tax Act (chapter 483 of the Laws of 1885), and the acts amendatory thereof, do not apply to any gifts to said society by grant, bequest or otherwise.

The Roosevelt Hospital appealed on the ground the property transferred to it by the will of the decedent was, under and by

virtue of chapter 4 of the Laws of 1864, and now is exempt from taxation under the Tax Law of the State of New York.

The Society for the Relief of the Ruptured and Crippled appealed on the ground that the legacy to it is exempt from taxation under the provisions of article 10, chapter 908, of the Laws of 1896, and the various acts amendatory thereof and supplemental thereto.

The American Female Guardian Society and Home for the Friendless appealed on the ground that, under the provisions of chapter 244, Laws of 1849, chapter 249 of the Laws of 1857, chapter 285 of the Laws of 1881, its real and personal property are exempt from taxation, and the provisions of the Transfer Tax Act (chapter 483 of the Laws of 1885), and the acts amendatory thereof and supplemental thereto, do not apply to any gifts to said society by grant, bequest or otherwise.

Edward W. Sheldon, for Society for the Relief of the Ruptured and Crippled; Dexter, Osborn & Gillespie, for Children's Aid Society; John Mason Knox, for the Roosevelt Hospital; J. Van Vechten Olcott, for American Female Guardian Society and Home for the Friendless, appellants.

Julius Offenbach, for City Comptroller, respondent.

Thomas, S.   The appraiser designated to fix the amount of the transfer tax to be imposed on this estate reports a tax payable on legacies, $20,000 each to Roosevelt Hospital, the Children's Aid Society, the American Female Guardian Society and Home for the Friendless, and the New York Society for the Relief of the Ruptured and Crippled.   A formal order determining the tax has been made upon the appraiser's report, and from such order the said legatees severally appeal.   Each of the appellants is a corporation, and each is exempt from taxation on real or personal property.   Exemptions of the three first named from taxation are created by special acts of the Legislature, and the real and personal property of all of them is declared exempt from taxation by subdivision 7 of section 4 of the General Tax Law, as corporations organized exclusively for one or more of the charitable or benevolent purposes therein described.   By section 220 of the Tax Law (Laws of 1896, chap. 908), being the first section of article 10 thereof, relating to the transfer tax, it is

enacted that " a tax shall be and is hereby imposed upon the transfer of any property  *  *  *  to persons or corporations not exempt from taxation on real or personal property " in certain cases, including cases of transfers by will.    It is conceded that no transfer tax should have been imposed, except for an amendment made to the Tax Law by chapter 382 of the Laws of 1900, which added at the end of article 10 a new section, as follows: " Section 243. Exemptions in article one not applicable.   The exemptions enumerated in section four of the tax law, of which this article is a part, shall not be construed as being applicable in any manner to the provisions of article ten hereof."    It is contended that this new provision operated as a constructive repeal of so much of section 220 as limited the tax upon transfers by will to persons or corporations not exempt from taxation on real or personal property, and that the only exemptions now remaining concern transfers to a bishop or a religious corporation under section 221 of the act.    This view was taken by the appraiser and led to the report and order now appealed from.    I cannot agree as to this conclusion.    The words quoted from section 220 of the act are at the very beginning of the provisions concerning the transfer tax, and declare the will of the Legislature in unmistakable terms.    They were not expressly repealed, and they can stand, while at the same time full possible force is given to the new section.    It has recently been determined by the learned surrogate of Suffolk county that the amendment does not operate to defeat the exemption on a transfer to a corporation having exemption from general taxation under a special act, and in so much of his decision I concur.    Matter of Howell, 34 Misc. Rep. 40.    This requires a reversal of the order, and an adjudication of exemption in favor of the first three named appellants.    It remains to be considered as to whether the amendment operated to defeat the exemptions from transfer tax of the benevolent and charitable corporations whose exemption from general taxation rests upon section 4 of the Tax Law.    If it does this we find some curious results to follow from a brief statute, which, upon its face, suggests none of them.    The vital operative words at the very beginning of article 10 of the Tax Law, concerning taxable transfers, applicable to the entire article, which limits the imposition of a transfer tax to corporations " not exempt from taxation on real or personal property," though retained by the Legislature,

Misc.]    Surrogate's Court, New York County, April, 1901.

are to become in part inoperative.  As the words stand the burden is thrown on the taxing power claiming a tax to show that the corporation is one " not exempt."   As we are asked to construe them they are to mean to subject transfers to all corporations to the tax, including those exempt by the general law, unless exemption is shown under a special statute.   The exemptions of transfers to bishops or religious corporations continue, because of the express provisions of section 221; the exemptions to specially favored charities remain, because the language of the new statute plainly has no reference to them, but charitable corporations in general must pay the tax.   Bequests to any corporation of a religious character, however narrow or sectarian, are exempt.   Bequests to charities which have had unusual and exceptional privileges granted them are exempt.    But a charitable corporation ministering to the needs of the poor, the sick or the helpless, which has never asked or obtained peculiar exemption, but has hitherto been accorded exemption from taxation upon a general law applicable to all such institutions, must pay the tax.   A general and equal law, requiring the claim to exemption to be determined upon rational and reasonable principles, is to be set aside, and, in construing the Transfer Tax Act, we must shut our eyes to it.   Special acts passed at divers times in favor of corporations asking for special privileges are to be the foundations for new exemptions.   The general policy of this State has been to make taxation equal and to measure exemptions by a standard common to all, and an intent to create a different rule is not to be implied from any language capable of another construction. If we examine the whole of section 4 of the Tax Act, treating of the exemptions declared by the amending statute to be inapplicable to the Transfer Tax Law, we will find that it deals exclusively with exemptions of property.   It begins by stating that the following " property " shall be exempt from taxation.   It contains seventeen sections, only one of which concerns exemptions of the property of certain religious, charitable or benevolent corporations.   It includes, among other things, property exempt from execution; bonds of a municipal corporation; registered vessels engaged in ocean commerce; bonds, mortgages, etc., belonging to nonresidents deposited in this State for collection; the products of another State owned by a nonresident and consigned to his agent in this State for sale; moneys of a nonresident under the

control or in the possession of his agent in this State; deposits
in savings banks; the accumulations of a domestic life insurance
company or co-operative loan association. The Transfer Tax Act
imposes a tax on transfers and creates no new tax on the property
itself. The exemptions mentioned in section 4 of the Tax Law
are not on transfers but on property, and they should not be con-
strued as being applicable in any manner to the provisions of arti-
cle 10 concerning the transfer tax. The new section created by
the amendment so enacts, and so makes plain a subject which in-
vites confusion. This, in my judgment, was its whole intent and
purpose and to this its meaning should be limited. Matter of the
Evergreens, 47 N. Y. 216, 220. We must remember that the
Legislature had ample power to make its meaning clear. If there
is any question of doubt remaining the doubt must be solved in
favor of the taxpayer and against the State. Matter of Enston,
113 N. Y. 174; Matter of Fayerweather, 143 id. 114; Matter of
Harbeck, 161 id. 211, 217. The order appealed from, so far as
it imposes a tax on the interests transferred to the appellants or
either of them, is reversed and those interests are declared to be
exempt from transfer tax.

Order reversed so far as it imposes a tax on interests trans-
ferred to appellants, and those interests are declared to be exempt
from transfer tax.