(34 Misc. Rep. 507.)

## In re HUNTINGTON'S ESTATE. [1]

(Surrogate's Court, New York County.   April, 1901.)

1. TRANSFER TAX—EXEMPTIONS—CHARITABLE CORPORATIONS—REPEAL OF ACT.
   Certain corporations were exempt from taxation by special acts of the legislature, and the general tax law (Laws 1896, c. 908, § 4, subd. 7) declared exempt from taxation real and personal property of such corporations organized exclusively for one or more of the charitable purposes

[1] For opinion on appeal, see 70 N. Y. Supp. 853.

therein described. Section 220 of article 10 of the tax law, relating to transfer tax, provides that such tax shall be imposed on transfer of property to persons or corporations not exempt from taxation on real or personal property. Laws 1900, c. 382, amending such laws by adding section 243, provides that the exemption in section 4 of the tax act shall not be applicable in any manner to the provisions of article 10. *Held* not to constructively repeal section 220 of article 10, nor take away the exemption from the transfer tax given by that section to a corporation exempt under subdivision 1, § 4, of the tax law.

**2. SAME.**

Tax Law, § 4, concerning exemptions, relates to taxation on property, and not on transfers, and so is in no way applicable to the provisions of article 10, concerning the transfer tax.

In the matter of the appraisal, under the act in relation to the transfer tax, of the property of Charles P. Huntington, deceased. From the appraiser's report certain devisees appeal. Reversed.

Mr. Huntington died April 20, 1900, unmarried, and leaving only collateral relatives surviving him. By his will, dated March 4, 1893, and proved in this court July 12, 1900, after various general legacies, he made the following charitable bequests: New York Society for the Relief of the Ruptured and Crippled, $20,000; Roosevelt Hospital, the Five Points House of Industry, the Children's Aid Society for the Newsboys' Lodging House, the American Female Guardian Society and Home for the Friendless of the City of New York, and the Free Library of the Town of Norwich, Conn., each $20,000. He gave to the rector, churchwardens, and vestrymen of St. Thomas' Church his pew in that church and $2,000. The residue of his estate—$95,000—was bequeathed to the Cathedral Church of St. John the Divine. The appraiser, Hon. Robert Mazet, reported these charitable legacies to be subject to taxation at the rate of 5 per cent., and the gifts to St. Thomas' Church and the cathedral to be exempt. Upon this report, filed herein November 20, 1900, a formal order was made January 10, 1901, fixing the tax accordingly. The Children's Aid Society, the Roosevelt Hospital, New York Society for the Relief of the Ruptured and Crippled, and the American Female Guardian Society and Home for the Friendless appealed from the appraiser's report.

Edward W. Sheldon, for appellant Society for Relief of Ruptured and Crippled.

Dexter, Osborn & Gillespie, for appellant Children's Aid Society.

John Mason Knox, for appellant Roosevelt Hospital.

Julius Offenbach, for respondent city comptroller.

THOMAS, S. The appraiser designated to fix the amount of the transfer tax to be imposed on this estate reports a tax payable on legacies, $20,000 each, to Roosevelt Hospital, the Children's Aid Society, the American Female Guardian Society and Home for the Friendless, and the New York Society for the Relief of the Ruptured and Crippled. A formal order determining the tax has been made upon the appraiser's report, and from such order the said legatees severally appeal. Each of the appellants is a corporation, and each is exempt from taxation on real or personal property. Exemptions of the three first named from taxation are created by special acts of the legislature, and the real and personal property of all of them is declared exempt from taxation, by subdivision 7 of section 4 of the general tax law, as corporations organized exclusively for one or more of the charitable or benevolent purposes therein described. By section 220 of the tax law (Laws 1896, c. 908),

being the first section of article 10 thereof, relating to the transfer tax, it is enacted that "a tax shall be and is hereby imposed upon the transfer of any property  *  *  *  to persons or corporations not exempt from taxation on real or personal property" in certain cases, including cases of transfers by will. It is conceded that no transfer tax should have been imposed, except for an amendment made to the tax law by chapter 382 of the Laws of 1900, which added at the end of article 10 a new section, as follows:

"Sec. 243. Exemptions in article 1 not applicable. The exemptions enumerated in section 4 of the tax law, of which this article is a part, shall not be construed as being applicable in any manner to the provisions of article 10 hereof."

It is contended that this new provision operated as a constructive repeal of so much of section 220 as limited the tax upon transfers by will to persons or corporations not exempt from taxation on real or personal property, and that the only exemptions now remaining concern transfers to a bishop or a religious corporation, under section 221 of the act. This view was taken by the appraiser, and led to the report and order now appealed from. I cannot agree as to this conclusion. The words quoted from section 220 of the act are at the very beginning of the provisions concerning the transfer tax, and declare the will of the legislature in unmistakable terms. They were not expressly repealed, and they can stand, while at the same time full possible force is given to the new section. It has recently been determined by the learned surrogate of Suffolk county that the amendment does not operate to defeat the exemption on a transfer to a corporation having exemption from general taxation under a special act, and in so much of his decision I concur. In re Howell, 34 Misc. Rep. 40, 69 N. Y. Supp. 505. This requires a reversal of the order, and an adjudication of exemption in favor of the first three named appellants.

It remains to be considered as to whether the amendment operated to defeat the exemptions from transfer tax of the benevolent and charitable corporations whose exemption from general taxation rests upon section 4 of the tax law. If it does this, we find some curious results to follow from a brief statute, which, upon its face, suggests none of them. The vital operative words at the very beginning of article 10 of the tax law, concerning taxable transfers, applicable to the entire article, which limit the imposition of a transfer tax to corporations "not exempt from taxation on real or personal property," though retained by the legislature, are to become in part inoperative. As the words stand, the burden is thrown on the taxing power claiming a tax to show that the corporation is one "not exempt." As we are asked to construe them, they are to mean to subject transfers to all corporations to the tax, including those exempt by the general law, unless exemption is shown under a special statute. The exemptions of transfers to bishops or religious corporations continue, because of the express provisions of section 221; the exemptions to specially favored charities remain, because the language of the new statute plainly has no reference to them; but charitable corporations in general must pay the

tax. Bequests to any corporation of a religious character, however narrow or sectarian, are exempt. Bequests to charities which have had unusual and exceptional privileges granted them are exempt. But a charitable corporation ministering to the needs of the poor, the sick, or the helpless, which has never asked or obtained peculiar exemption, but has hitherto been accorded exemption from taxation upon a general law applicable to all such institutions, must pay the tax. A general and equal law, requiring the claim to exemption to be determined upon rational and reasonable principles, is to be set aside, and, in construing the transfer tax act, we must shut our eyes to it. Special acts passed at divers times in favor of corporations asking for special privileges are to be the foundations for new exemptions. The general policy of this state has been to make taxation equal, and to measure exemptions by a standard common to all, and an intent to create a different rule is not to be implied from any language capable of another construction. If we examine the whole of section 4 of the tax act, treating of the exemptions declared by the amending statute to be inapplicable to the transfer tax law, we will find that it deals exclusively with exemptions of property. It begins by stating that the following "property" shall be exempt from taxation. It contains seventeen sections, only one of which concerns exemptions of the property of certain religious, charitable, or benevolent corporations. It includes, among other things, property exempt from execution; bonds of a municipal corporation; registered vessels engaged in ocean commerce; bonds, mortgages, etc., belonging to nonresidents deposited in this state for collection; the products of another state owned by a nonresident and consigned to his agent in this state for sale; moneys of a nonresident under the control or in the possession of his agent in this state; deposits in savings banks; the accumulations of a domestic life insurance company or co-operative loan association. The transfer tax act imposes a tax on transfers, and creates no new tax on the property itself. The exemptions mentioned in section 4 of the tax law are not on transfers, but on property, and they should not be construed as being applicable in any manner to the provisions of article 10, concerning the transfer tax. The new section created by the amendment so enacts, and so makes plain a subject which invites confusion. This, in my judgment, was its whole intent and purpose, and to this its meaning should be limited. In re Evergreens, 47 N. Y. 216, 220. We must remember that the legislature had ample power to make its meaning clear. If there is any question of doubt remaining, the doubt must be solved in favor of the taxpayer and against the state. In re Enston's Will, 113 N. Y. 174, 21 N. E. 87, 3 L. R. A. 464; In re Fayerweather, 143 N. Y. 114, 38 N. E. 278; In re Harbeck, 161 N. Y. 211, 217, 55 N. E. 850. The order appealed from, so far as it imposes a tax on the interests transferred to the appellants, or either of them, is reversed, and those interests are declared to be exempt from transfer tax.

Order reversed so far as it imposes a tax on interests transferred to appellants, and those interests declared to be exempt from transfer tax.